UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Bryan Makan, | ) | CASE NO. 5:12 CV 31 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Carolyn W. Covlin, | ) | **Memorandum of Opinion and Order** |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon the Report and Recommendation ("R&R") of Magistrate Judge William H. Baughan, Jr. (Doc. 29), recommending that the decision of the Commissioner be affirmed. Plaintiff filed objections to the R&R. For the reasons that follow, the R&R is REJECTED and the decision of the Commissioner is VACATED. This matter is REMANDED to defendant for further proceedings consistent with this Opinion.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 72, which governs the matter herein inasmuch as timely

1

objections have been made to the Report and Recommendation, provides in part:

> **(b) Dispositive Motions and Prisoner Petitions.**
>
> ...The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

As stated in the Advisory Committee Notes, "The term 'de novo' signifies the magistrate's findings are not protected by the clearly erroneous doctrine, but does not indicate that a second evidentiary hearing is required." citing *United States v. Raddatz*, 447 U.S. 667 (1980).

### ANALYSIS

Plaintiff objects to the R&R on one basis.  According to plaintiff, defendant's decision to deny benefits is not supported by substantial evidence.  Plaintiff argues that, although the Administrative Law Judge ("ALJ") determined that plaintiff was "moderately limited in concentration, persistence, or pace," neither the residual functional capacity ("RFC") assessment nor the hypothetical posed to the vocational expert ("VE"), included speed or paced-based restrictions.  According to plaintiff, controlling Sixth Circuit law requires that this case be remanded to defendant for further proceedings.

Upon review, the Court agrees with plaintiff.  In this case, the ALJ gave "some weight" to the opinion of Dr. Stailey-Steiger, the state agency reviewing psychologist.  In Section III of her opinion, Dr. Stailey-Steiger noted that plaintiff is "moderately" limited in "the ability to understand and follow complex directions, concentrate on tasks, and tolerate normal job stressors.  He would also have difficulty working with the general public."  In the Psychiatric

Review Technique, Dr. Stailey-Steiger noted that plaintiff was "moderately limited in maintaining concentration, persistence, or pace. The ALJ went further, however, and concluded that only "some weight" should be afforded to Dr. Stailey's opinion because a review of all of the evidence of record revealed a "moderate limitation in maintaining concentration, persistence, or pace which is *more limiting* than found by the psychologist...." (Doc. 10 at 29)(Emphasis added). Therefore, with regard to plaintiff's mental impairments, defendant determined that plaintiff should be "limited to simple, routine and repetitive tasks; the claimant should work in a low stress jobs requiring only occasional decision making and occasional change in work setting; and the claimant should have only occasional interaction with supervisors and co-workers, and no interaction with the general public." The hypothetical posed to the Vocational Expert tracked this Residual Functional Capacity determination.

In *Ealy v. Commissioner of Social Security*, 594 F.3d 504, 516-17 (6th Cir. 2010), the Sixth Circuit held that the ALJ erred in failing to include speed and paced-based restrictions in the hypothetical posed to the VE. Rather, the hypothetical included a limitation to "simple, repetitive tasks and instructions in a non-public work setting." In *Ealy*, the record evidence showed that the ALJ concluded that plaintiff had the "ability to sustain attention to complete simple repetitive tasks to 'two-hour segments over an eight-hour day where speed was not critical.'" The Sixth Circuit concluded that failure to include these concentration and speed restrictions was not conveyed by restrictions to "simple and repetitive tasks."

Similarly, in this case, the ALJ noted that plaintiff has "moderate difficulties" in "concentration, persistence or pace" and that the medical evidence showed that defendant had a "poor attention span, poor insight, and difficulty concentrating and remembering." The ALJ

3

also noted that plaintiff suffered from Attention Deficit Hyperactivity Disorder, but that the medical evidence regarding that condition predated the relevant time period.  The ALJ, however, indicated that even if these impairments were considered, the limitation to "simple, routine, and repetitive tasks" sufficiently accounts for the impairments.  Similarly, the ALJ noted that, although Dr. Stailey-Steiger found plaintiff to be moderately limited in his ability to, among other things, "concentrate on tasks," the ALJ found plaintiff to be more limited in these areas.  Yet, the hypothetical made no mention of plaintiff's moderate limitations in concentration.  Nor does the RFC assessment support a determination that no further limitation is required despite plaintiff's moderate difficulties.  The Court finds that on the facts of this case, the hypothetical, which included only restrictions to "simple, routine, and repetitive tasks," fails to account for the ALJ's determination that plaintiff is moderately limited in concentration, persistence, or pace.  Therefore, under *Ealy*, defendant's decision is not supported by substantial evidence.[1]

**CONCLUSION**

For the foregoing reasons, the Court finds plaintiff's objection to be well-taken.  The

---

[1] It appears that the Magistrate Judge concluded that the hypothetical did not violate *Ealy* because Dr. Stailey-Steiger "coupled" her finding of moderate limitations in concentration, persistence, or pace with "moderate difficulty in tolerating normal job stressors."  Thus, it appears that the Magistrate Judge determined that Dr. Stailey-Steiger opined that plaintiff's moderate limitations in concentration, persistence, and pace, would be alleviated by a low-stress environment.  As an initial matter, the Court notes that defendant determined that plaintiff was more limited in this category than Dr. Stailey-Steiger opined.  Moreover, defendant repeatedly noted specific difficulties in concentration.  In fact, when discussing plaintiff's previous diagnosis of ADHD, defendant noted that restrictions to simple, routine, and repetitive tasks accounted for these limitations–not a low-stress environment.

R&R is VACATED and this matter is REMANDED to defendant for further proceedings consistent with this Opinion.

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 3/7/13